## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC. (a Michigan corporation), and <br><br> WHIRLPOOL CORPORATION, (a Delaware corporation), <br>                Plaintiffs, <br><br> v. <br><br><br> ELITE FULFILLMENT CENTER LLC, a New Jersey limited liability company; MICHAEL MAKRILOS, an individual; EMPIRE SAVINGS LIMITED LIABILITY COMPANY, a New Jersey limited liability company; XIJIN WU, an individual; OMER DEMIRCAN, an individual; FEVZI ARIF, an individual; NUMBER 1 ONLINE DEALS LIMITED LIABILITY COMPANY, a New Jersey limited liability company; TOP NOTCH APPLIANCE STORE LIMITED LIABILITY COMPANY, a New Jersey limited liability company; DIRECT SOURCE FILTERS LIMITED LIABILITY COMPANY, a New Jersey limited liability company, <br>                Defendants. | Civil Action No. 1:16-cv-00480-PLM-RSK <br><br> HON. PAUL L. MALONEY |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court on the joint Motion of Plaintiffs Whirlpool Properties, Inc. and Whirlpool Corporation (hereinafter collectively "Whirlpool") and certain of the Defendants in this action, namely, Elite Fulfillment Center LLC, Empire Savings Limited Liability Company, Number 1 Online Deals Limited Liability Company, Top Notch Appliance

Store Limited Liability Company, and Direct Source Filters Limited Liability Company (hereinafter collectively "Defendants").

**WHEREAS,** this Consent Judgment and Permanent Injunction concerns Whirlpool's claims of trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition against the Defendants in this Civil Action No. 1:16-cv-00480 (hereinafter the "Litigation"); and

**WHEREAS,** Whirlpool and Defendants request this Consent Judgment and Permanent Injunction be entered in the above-captioned case against Defendants; and

**WHEREAS**, Whirlpool owns United States trademark registrations for the trademark WHIRLPOOL covering "domestic water filtration units and parts therefor (Reg. No. 1837512), "home water filtration devices" (Reg. No. 2955751), "refrigerators and freezer chests" (Reg. No. 0626550) and "refrigerators, freezers, and combination refrigerator-freezers" (Reg. No. 0937550); as well as registrations for the following trademark covering " domestic water filtration units and parts therefor" (Reg. No. 1832111) and "refrigerators, combination refrigerator-freezers" (Reg. No. 1251511):



and Whirlpool owns a registration for EVERYDROP for "refrigerator water filters; water filtration pitchers sold empty and portable water filter bottles sold empty" (Reg. No. 5232741) and for the following trademark covering "refrigerator water filters; water filtration pitchers sold empty, and portable water filter bottles sold empty" (Reg. No. 4679632):



All the foregoing trademarks are collectively referred to herein as "the WHIRLPOOL Marks".

**WHEREAS**, in the Litigation, Whirlpool alleged that Defendants were using the WHIRLPOOL Marks in U.S. commerce on counterfeit and infringing refrigerator ice and water filters and in connection with the advertising, promotion, sale, and distribution of such filters to consumers nationwide, and Defendants filed an Answer denying the salient allegations of those claims;

**WHEREAS**, in the Litigation, Whirlpool alleged it would be irreparably harmed if Defendants were not enjoined from continuing such counterfeiting and infringing activities;

**WHEREAS**, in the Litigation, Whirlpool requested that this Court enter a permanent injunction enjoining Defendants from infringing the WHIRLPOOL Marks or any other marks confusingly similar thereto, and from otherwise competing unfairly with Whirlpool in any manner;

**WHEREAS**, Whirlpool and Defendants have reached an agreement to finally settle the Litigation as set forth in this Consent Judgment and Permanent Injunction and a separate Settlement Agreement which has already been executed;

**WHEREAS,** the parties' agreement extends to Whirlpool's other primary trademarks that are also currently registered, namely, MAYTAG, JENN-AIR, AMANA, KITCHENAID, and AFFRESH, in addition to the WHIRLPOOL Marks;

**WHEREAS**, Whirlpool and Defendants each acknowledge this Court has subject matter

jurisdiction and, further, consent to personal jurisdiction in the U.S. District Court for the Western District of Michigan for purposes of entering as well as enforcing both this Consent Judgment and Permanent Injunction as well as the parties' Settlement Agreement in the future;

**IT IS HEREBY ORDERED, DECREED and ADJUDGED as follows:**

1. This Court has personal jurisdiction over Whirlpool, and over Defendants for purposes of this Consent Judgment and Permanent Injunction and for future enforcement of the parties' Settlement Agreement, and this Court has subject matter jurisdiction over the claims in this Litigation.

2. Whirlpool represents, and Defendants do not challenge, that Whirlpool has ownership and standing to bring this Litigation concerning infringement of the WHIRLPOOL Marks.

3. The WHIRLPOOL Marks are, with respect to this Litigation, enforceable and not invalid, and Defendants shall not challenge their validity, with respect any alleged enforcement of this Consent Judgment and Permanent Injunction, and with respect to any alleged enforcement of the parties' Settlement Agreement, to the extent Whirlpool has not transferred the same to non-affiliated third parties or abandoned the registrations.

4. Whirlpool owns trademarks in addition to the WHIRLPOOL Marks, namely, MAYTAG, JENN-AIR, AMANA, KITCHENAID, and AFFRESH, and corresponding U.S. trademark registrations for those marks.

5. Defendants' importation, offer for sale, sale, and/or distribution of water filters bearing the WHIRLPOOL Marks constitutes trademark counterfeiting, infringement, false designation of origin, and unfair competition in violation of the Lanham Act and state law.

6. Defendants, and their respective officers, agents, servants, employees, attorneys, and other persons or entities in active concert or participation therewith, deny the allegations in this Litigation, but consent to be, and hereby are, permanently enjoined as of the date hereof from manufacturing, offering to sell, selling, importing, exporting, distributing, and/or profiting in any way from water filters bearing any of the WHIRLPOOL Marks, and from otherwise competing unfairly with Whirlpool by selling products, product parts, and/or product accessories bearing the WHIRLPOOL Marks or the following other registered marks currently owned by Whirlpool: MAYTAG, JENN-AIR, AMANA, KITCHENAID, and AFFRESH.

7. Each party shall bear its own costs and attorneys' fees.

8. This Court shall retain jurisdiction over Whirlpool and Defendants for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the parties' Settlement Agreement.

So ORDERED and SIGNED this 13th day of February, 2018.

/s/ Paul L. Maloney
HON. PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE